IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CARTER WALKER**
41 Howard Drive
Willow Street, PA 17584

and

**CIVIC NEWS COMPANY**
PO Box 3484
New York, NY 10008

Plaintiffs,

v.

**UNITED STATES SOCIAL SECURITY ADMINISTRATION,**
6401 Security Boulevard
Baltimore, MD 21235-6401

Defendant.

Civil Action No. ______________

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Carter Walker and Civic News Company (together, "Plaintiffs"), by and through their undersigned counsel, hereby allege as follows:

1. Plaintiffs bring this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for declaratory, injunctive, and other appropriate relief against United States Social Security Administration ("Defendant" or "SSA").

2. By this action, Plaintiffs seek to compel Defendant to comply with its obligations under FOIA to release records arising out of Defendant's contacts with a political advocacy group. Plaintiffs are statutorily entitled to the disclosure of these records, and Defendant has improperly withheld them in violation of FOIA.

## Jurisdiction and Venue

3. The Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

5. Plaintiff Carter Walker is a journalist covering voting and election administration. Currently he works at the news site Votebeat, a project of Civic News Company, and lives in Pennsylvania.

6. Plaintiff Civic News Company is the parent entity of Votebeat, headquartered in New York.

7. Defendant Social Security Administration is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiffs seek. The SSA's headquarters are located at 6401 Security Boulevard, Baltimore, MD 21235-6401.

## Facts

*Background*

8. On January 16, 2026, Defendant filed a "Notice of Corrections to the Record" in *American Federation of State, County and Municipal Employees, AFL-CIO, et al.*, *v. Social Security Administration*, 1:25-cv-00596-ELH (D. Md.), a true and correct copy of which is attached hereto as **Exhibit A** (the "Notice").

9. The Notice states that in March 2025 a "political advocacy group contacted two members of SSA's DOGE Team with a request to analyze state voter rolls that the advocacy group had acquired." Ex. A at 5.

10. The Notice further states that "[e]mail communications reviewed by SSA suggest that DOGE Team members could have been asked to assist the advocacy group by accessing SSA data to match to the voter rolls . . . ." *Id.* n.1.

11. The Notice further states that "[i]n connection with these communications, one of the DOGE team members signed a 'Voter Data Agreement,' in his capacity as an SSA employee, with the advocacy group. He sent the executed agreement to the advocacy group on March 24, 2025." *Id.* at 5.

12. The Notice further states that in "December 2025, SSA made two Hatch Act referrals to the U.S. Office of Special Counsel related to the activities described" in Section V of the Notice. *Id.*

*Plaintiffs' FOIA Request*

13. On or around May 5, 2026, Plaintiffs submitted a FOIA request to the SSA through its FOIA portal ("the Request"). A true and correct copy of the Request, without attachments, is attached hereto as **Exhibit B** and incorporated by reference.

14. The Request sought:

> • A copy of the "Voter Data Agreement" entered into by a member of the Social Security Administration's DOGE team on or around March 24, 2025. The existence of this agreement has been acknowledged by the Department of Justice, s*ee Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Soc. Sec. Admin.*, Notice of Corrections to the Record, Case No. 1:25-cv-00596-ELH, Docket No. 197 at 5 (D. Md. filed Jan. 16, 2026). Please refer to this document for assistance in identifying the requested records. It is attached at the bottom of this request.
>
> • Copies of all communications between the two members of the Social Security Administration's DOGE team and the "political advocacy group" concerning this agreement and the "request to analyze state voter rolls that the advocacy group had acquired." The existence of these communications has been acknowledged by the Department of Justice,

> *see Am. Fed'n of State, Cnty. & Mun. Emps., supra.* Please refer to this document for assistance in identifying the requested records[.]
>
> • A copy of the two Hatch Act referrals made by the Social Security Administration in December of 2025. The existence of these referrals has been acknowledged by the Department of Justice, *see Am. Fed'n of State, Cnty. & Mun. Emps., supra.* Please refer to this document for assistance in identifying the requested records[.]

Ex. B.

15. The Request sought a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A) and set forth facts in support thereof. *See* Ex. B.

16. On May 6, 2026, Defendant emailed Plaintiffs referencing the tracking number assigned to the Request—2026-FOIA-01471—and informed Plaintiffs that the Request would be processed. A true and correct copy of this correspondence is attached hereto as **Exhibit C.**

17. On May 21, 2026, Defendant, via email, provided Plaintiffs with redacted copies of records responsive to the Request, citing FOIA Exemptions 5, 6, 7(A), 7(C), 7(D) and 7(E) to withhold information therefrom.

18. On July 1, 2026, Plaintiff, via counsel, submitted an administrative appeal to Defendant challenging its withholdings. A true and correct copy of Plaintiff's administrative appeal, without exhibits, is attached hereto as **Exhibit D**.

19. On July 2, 2026, Defendant acknowledged receipt of Plaintiff's administrative appeal and assigned it tracking number 2026-APP-01189.

20. As of the date of the filing of this Complaint, it has been approximately 87 calendar days and 60 business days since Plaintiffs submitted the Request.

21. As of the filing of this Complaint, Plaintiffs have received no further

communication from the SSA regarding the Request.

## CAUSES OF ACTION

## Count 1

### Violation of FOIA for Wrongful Withholding of Agency Records

1. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of the Complaint.

2. Defendant is an agency subject to FOIA.

3. By the Request, Plaintiffs properly requested records within the possession, custody or control of Defendant.

4. The Request complied with all applicable regulations regarding the submission of FOIA requests.

5. Defendant has improperly cited FOIA Exemptions 5, 6, 7(A), 7(C), 7(D) and 7(E) to withhold information from records responsive to the Request.

6. Defendant has not identified whether or how release of the records sought by the Request would foreseeably harm an interest protected by a FOIA exemption or why disclosure is prohibited by law. 5 U.S.C. § 552(a)(8).

7. Defendant has improperly withheld records responsive to the Request in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

8. Plaintiffs have or are deemed to have exhausted applicable administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(C)(i).

## Count 2

**Violation of FOIA for Failure to Comply with Statutory Deadlines**

9. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of the Complaint.

10. Defendant is an agency subject to FOIA.

11. By the Request, Plaintiffs properly sought records within the possession, custody or control of Defendant.

12. Defendant failed to make a determination with respect to Plaintiffs' administrative appeal within the timeframe required by FOIA. 5 U.S.C. § 552(a)(6)(A)(ii).

13. Defendant's failure to provide a determination with respect to the administrative appeal within the statutory required timeframe is a violation of FOIA.

**Requested Relief**

WHEREFORE, Plaintiffs respectfully requests that this Court:

(1) Order Defendant to release all records responsive to the Request;

(2) Issue a declaration that Plaintiffs are entitled to disclosure of the records responsive to the Request;

(3) Enjoin Defendant from continuing to withhold any and all records responsive to the Request;

(4) Award Plaintiffs reasonable attorney fees and costs incurred in this action under 5 U.S.C. § 552(a)(4)(E); and

(5) Grant such other relief as the Court may deem just and proper.

Dated: July 31, 2026

Respectfully submitted,

*/s/ Gunita Singh*
Gunita Singh
D.C. Bar No. 1601923
Email: gsingh@rcfp.org
REPORTERS COMMITTEE FOR FREEDOM
THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9308
Facsimile: 202.795.9310

*Counsel for Plaintiff*